18-3451-cv
*Lau v. Commissioner of Social Security Administration*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand nineteen.

PRESENT:   DENNY CHIN,
                    JOSEPH F. BIANCO,
                                *Circuit Judges.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

VICTOR FAI LAU,

                            *Plaintiff-Appellant*,

                            -v-                                                                18-3451-cv

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                            *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       Judge Robert D. Sack, originally assigned to the panel, recused himself from consideration of this matter.   The two remaining members of the panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d).

FOR PLAINTIFF-APPELLANT:                    Victor Fai Lau, *pro se*, New York, New
                                            York.

FOR DEFENDANT-APPELLEE:                     Joseph A. Pantoja and Christopher
                                            Connolly, Assistant United States
                                            Attorneys, *for* Geoffrey S. Berman,
                                            United States Attorney for the Southern
                                            District of New York, New York, New
                                            York.

Appeal from a judgment of the United States District Court for the Southern

District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Victor Fai Lau appeals from a judgment of the district

court upholding a decision of the Commissioner of the Social Security Administration

(the "Commissioner") that denied his claim for disability insurance benefits and granted

the Commissioner's motion for judgment on the pleadings.[1]   Lau also moves to strike

the Commissioner's opposition brief, arguing that the Commissioner's attorneys

intentionally misaddressed the Commissioner's opposition brief to deny Lau an

opportunity to reply.   We assume the parties' familiarity with the underlying facts, the

procedural history of the case, and the issues on appeal.

---

[1]     The parties consented to jurisdiction by a magistrate judge.   *See* Dist. Ct. Dkt. No. 12.

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion."  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted).   In reviewing the administrative record, we determine if there is "substantial evidence . . . to support the Commissioner's decision and if the correct legal standards have been applied."  *Id.* Substantial evidence is "evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id.*    Indeed, "once an [administrative law judge] [(")ALJ[")] finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise."  *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and emphasis omitted).

We affirm the judgment below, because we agree with the district court that the Commissioner's ruling is supported by substantial evidence.   First, Lau argues that the ALJ improperly ignored medical evidence pertaining to his psychiatric condition, improperly concluding that he did not have a severe psychiatric disability during the relevant period, May 1, 2012, through his date last insured, December 31, 2014.   *See* 20 C.F.R. § 404.131(a) ("To establish a period of disability, [the claimant] must have disability insured status in the quarter in which [he] becomes disabled or in a later quarter in which [he is] disabled.")   The ALJ did, however, consider records submitted

3

from psychiatrists who saw Lau from 2015 onward, ultimately giving them little weight because they did not treat Lau during the relevant time period.   Lau offered no medical evidence demonstrating that his psychiatric symptoms were disabling during the relevant period.   Accordingly, we conclude that the ALJ's conclusions were supported by substantial evidence.   *See Arnone v. Bowen*, 882 F.2d 34, 41 (2d Cir. 1989).

Lau further argues that the ALJ improperly asked the vocational expert hypothetical questions about occasional exposure to pulmonary irritants, and asserts that his medical records demonstrated that he cannot be exposed to any irritants.   Two separate medical evaluations concluded, however, that Lau could be continuously exposed to pulmonary irritants.   Accordingly, we conclude that the ALJ's questions were appropriate.   *See* 20 C.F.R. § 404.1560(b)(2).

Finally, Lau argues that the ALJ failed to consider whether his psychiatric conditions combined with his reactive airway disease affected his ability to perform his past work.   The ALJ did, however, consider Lau's psychiatric records in determining Lau's residual functional capacity, concluding that his statements regarding the intensity, persistence, and limiting effects of his mental health symptoms were not consistent with the medical evidence.   Accordingly, we conclude that the ALJ's conclusions were supported by substantial evidence.

4

We also deny Lau's motion to strike the Commissioner's opposition brief. While Lau argues that he did not timely receive a copy of the brief, the Commissioner submitted a copy of the returned envelope showing Lau's correct address. Moreover, the Court granted Lau an extension of time to file his reply brief which he did not, in any event, use.

\* \* \*

We have considered the remainder of Lau's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** and Lau's motion to strike the Commissioner's opposition brief is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5